PER CURIAM.
Appellant challenges the dismissal of his petition to establish paternity of his biological child. The petition alleged that Appellant and Stephanie M. Fabre conceived the child while Ms. Fabre was married to, but separated from, Kevin O’Keefe. Appellant is apparently now married to and living with Ms. Fabre, who has primary residential responsibility for the child pursuant to a final judgment dissolving her marriage to Mr. O’Keefe. Ms. Fabre agrees with and consented to the petition to establish paternity, but Mr. O’Keefe objected and moved to dismiss the petition. The trial court dismissed the petition, concluding that the final judgment dissolving the marriage of Ms. Fabre and Mr. O’Keefe established that Mr. O’Keefe was the father and was res judicata. This was error because Appellant was not a party to that action. Van Nostrand v. Olivieri, 427 So.2d 374 (Fla. 2d DCA 1983). Mr. O’Keefe nevertheless argues that we should affirm because Appellant did not make sufficient allegations to establish standing under a best-interests-of-the-child analysis. We decline to affirm on this basis. Appellant attempted to amend his petition to allege standing but the petition was dismissed before the amendment was considered. Appellant should be permitted to amend the petition to assert standing. See G.F.C. v. S.G., 686 So.2d 1382, 1385 (Fla. 5th DCA 1997).
REVERSED AND REMANDED.
SAWAYA, TORPY and LAWSON, JJ., concur.